JANUARY TERM, 1882, No. 137.            MAY 17TH, 1882.

## Levis *et ux. versus* Brown *et ux.*

1. Where a levy upon real estate is ambiguous, it is open to be explained by parol evidence.

2. An execution was levied upon the defendant's real estate, viz.: "All that certain valuable farm or tract of land, . . . containing 276 acres more or less," adjoining lands of A., B., C., and others. It appeared in evidence that the defendant had an interest in two adjoining tracts of land, one containing 274 acres, and the other 3 acres and 70 perches. The latter tract did not adjoin lands of either A., B., or C. During the ownership of the defendant, it was not a part of the larger tract. He treated them as separate tracts, and paid taxes on them separately. *Held,* that the latter tract was not included in the levy and sale.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lancaster County.*

tition by Richard J. Levis and Mary T. E. Levis, his wife, in right of said Mary E. Levis, against Kirk Brown and Emmeline H. Brown, his wife, in right of the said Emmeline H. Brown.

The case was, by agreement, referred to George Nauman as referee, from whose report the following facts appeared:

On March 11th, 1873, Kirk Brown became the owner, by purchase, of an undivided interest in "all those two certain messuages and tracts of land situated in the township of Fulton, Lancaster County." The first tract was described in the deed as containing 274 acres, and the other as the undivided one-half of a tract containing 3 acres and 70 perches. His interest was an undivided four-fifths of the

larger tract, and an undivided one-half of the smaller tract. Timothy Haines, trustee, obtained judgment against Kirk Brown, June 23d, 1873, for $5000. Eshelman and Rathvon obtained judgment against him, December 22d, 1877, for $1020.09. Under an execution on the latter judgment, a levy was made and indorsed on the writ as follows:

" Levied February 6th, 1878, on Kirk Brown's real estate, viz.: All that certain valuable farm or tract of land, situated in Fulton Township, Lancaster County, Penna., containing 276 acres, more or less, on which are erected a two-story brick dwelling-house, with a two-story frame and brick kitchen attached, frame bank barn, wagon-shed, with corn-cribs and carriage-house attached, hog-pen, chicken-house, ice-house, one and a half-story frame tenant-house, and other necessary outbuildings; cisterns at the house and barn, with pumps therein, two orchards and other improvements thereon, adjoining lands of Albert M. Brown, Timothy Haines, Gilpin, Stubbs, and others."

Timothy Haines, trustee, issued an execution, February 11th, 1878, under which a levy was made, similar in form to that on the other execution. On the same day the defendant gave to the sheriff a waiver of inquisition upon both writs. The sheriff sold the real estate levied upon to the plaintiff, March 6th, 1878, and executed to her a deed, the description in which followed the levy, on the 15th of April, 1878. At the time of the levy, the owner of the remaining one-fifth interest of the larger tract was the defendant, Emmeline H. Brown, and she subsequently became the owner of the undivided one-half of the other tract.

The tract of 274 acres was bounded by the Susquehanna River, the lands of those set forth in the levy as owning lands adjoining the lands levied on, and the tract of 3 acres and 70 perches. The tract of 3 acres and 70 perches was bounded by the Susquehanna River, the tract of 274 acres, and the lands of Clarkson Cook. None of the lands of those set forth in the levy as owning lands adjoining the land levied on adjoin the smaller tract.

These two tracts of 274 acres and 3 acres and 70 perches, respectively, were, during their ownership by Kirk Brown, treated as separate tracts. He paid taxes on them as separate tracts, and during this time the smaller tract was not part of the larger one.

April 28th, 1879, the plaintiff brought an action of partition for the larger tract, and in that action a judgment *quod partitio fiat* was rendered. The same day she brought the present action for the smaller tract.

The demand of the plaintiff was resisted on the ground,—

first, that she had shown no title to the lands in question; and, second, that having had one partition of the lands conveyed by the sheriff's deed, she had exhausted her remedies, and could proceed no further.

The referee said:

" The uncontradicted evidence shows that Kirk Brown's real estate consisted of two tracts, bought as two, used as two, and never under his ownership united as one.   The referee does not think that their conveyance by one deed, or their subjection to a common charge, converted them into one tract, any more than the mortgaging in one instrument of several distinct parcels of land would make them one. It was argued that the amount of land mentioned in the levy would cover both tracts.   Together they contain 277 acres and 70 perches, the levy being on 276 acres, more or less.   It is true that it appeared that 6 acres had been sold, which were a part of the tract of 274 acres, but there was no evidence showing the exact time of this sale, and as the judgment held by Haines became, on June 23d, 1873, a lien on the lands purchased by Brown on April 1st, 1873, it would seem probable that the whole of the tract of 274 acres was bound by it, and was properly sold under an execution issued on it.   Again, not a person described in the levy, as owning lands adjoining those seized, owns lands adjoining the smaller tract.   It adjoins the larger tract, the Susquehanna River, and the lands of Clarkson Cook, and the Susquehanna River and the lands of Cook do not appear in either the levy or deed.   There was no evidence before the referee to show whether or not the two tracts were apparently used as one, whether they were used in connection with the same buildings or not, whether or not it would have been more advantageous to sell them together; in fact, there was nothing to show the nature of the tracts, except that the larger one seemed to have been used as a farm, and the smaller one is referred to, in some of the papers, as the ' saw-mill tract.'   The only positive evidence given showed that there were two tracts of land, which had been bought as two, used as two, and never under Brown's ownership incorporated into one."

The referee found that no title to the land, partition of which is sought in this action, passed to Mrs. Levis by the sheriff's deed conveying the property of Kirk Brown, and directed judgment to be entered for the defendants.

The plaintiffs then took out a writ of error, assigning that the referee erred in directing judgment to be so entered.

*W. W. Brown* and *B. F. Eshleman,* for plaintiffs in error.

[Levis *et ux. v.* Brown *et ux.*]

There is no principle of law better settled in Pennsylvania, than that whatever real estate is levied on passes to a purchaser at sheriff's sale. The levy controls everything. All subsequent proceedings depend upon it. Why does not the levy, in this case, cover the interest of Kirk Brown, the defendant in the execution, in the whole of the continuous tract of land of which he was seized? It was not necessary that the sheriff, in describing the property in his levy, should name every adjoining landowner. When he described in his levy the tract of land, with some of the adjoiners, that levy carried with it the whole of the continuous tract, without regard to the interest of the co-tenants of the defendant in the premises. It was his interest alone that could be affected by the levy. When two tracts of adjoining land vest in one and the same person, they become one tract, and by act of Assembly of June 16th, 1836, § 43, Pamph. Laws, 767, the sheriff cannot levy upon a part of a tract of land. He must levy upon the whole tract. There is nothing in the sheriff's levy in this case to indicate an intention on the part of the sheriff to levy on less than the continuous whole tract of land of which Kirk Brown, the defendant in the executions, was seized: Palmer's Case, 5 Coke, 126; Inman *v.* Kutz, 10 Watts, 90.

*H. M. North* and *J. Hay Brown,* for defendants in error.

The referee has found, as a matter of fact, that the levy did not include the smaller tract. It could not, therefore, have been sold on the execution.

The referee's findings of fact are conclusive and cannot be reviewed: First National Bank of Allentown *v.* Sullivan, 11 W. N. C., 362.

The case is governed by Buckholder *v.* Sigler, 7 W. & S., 158.

MAY 29TH, 1882.—PER CURIAM: Upon the facts as found by the referee, we are of opinion that the judgment was properly entered for the defendants. The description in the levy was ambiguous, and was open, therefore, to be explained by parol evidence, which showed that the two tracts were separate and distinct tracts.

Judgment affirmed.